UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANITA ADAMS,

        Plaintiff,

v.

CITY OF SEATTLE,

        Defendant.

C22-1767 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion to alter or amend judgment, docket no. 77, as corrected, docket no. 80-1, is DENIED. The Judgment entered July 1, 2024, docket no. 76, remains in full force and effect. Plaintiff's contention that the sentence at Lines 9–13 of Page 9 of the Order entered June 28, 2024, docket no. 75, required a citation to authority and is erroneous lacks merit. The sentence articulated the Court's conclusion that plaintiff's facial unconstitutionality "argument ignores the waiver provisions of the MHA" (the Mandatory Housing Affordability for Residential Development ordinance), and it needed no reference to the record or otherwise. In mentioning *Dolan v. City of Tigard*, 512 U.S. 374 (1994), and its predecessor *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), the sentence also summarized the Court's interpretation of the MHA, which authorizes a waiver if an applicant "can demonstrate facts supporting a determination of severe economic impact at such a level that a property owner's constitutional rights may be at risk." SMC 23.58C.035(C)(1). As observed in the Court's prior Order, the inquiry contemplated by this waiver provision, as well as by *Nollan* and *Dolan*, is inherently factual, "which is why the Ninth Circuit does not recognize facial takings claims relating to land-use exactions." *See* Order at 9 (docket no. 75) (citing *Garneau v. City of Seattle*, 147 F.3d 802 (9th Cir. 1998)). In *Garneau*, the Ninth Circuit made clear that "*Dolan*

MINUTE ORDER - 1

applies *only* to as-applied takings challenges, not to facial takings challenges." 147 F.3d at 811 (emphasis added). Plaintiff's contention that, in Sheetz v. County of El Dorado, 601 U.S. 267 (2024), the Supreme Court somehow overruled Garneau borders on frivolous. In Sheetz, the Supreme Court merely concluded that legislative permit conditions are subject to the standards articulated in Nollan and Dolan, which some courts had previously restricted to administrative exactions. See id. at 273 ("State courts have reached different conclusions on the question whether the Takings Clause recognizes a distinction between legislative and administrative conditions on land-use permits. We granted certiorari to resolve the split." (footnote omitted)). Contrary to plaintiff's suggestion, the Sheetz Court did not address the "antecedent question" related to a facial challenge, *i.e.*, whether the fee at issue "would be a compensable taking if imposed outside the permitting context," thereby possibly "trigger[ing] Nollan/Dolan scrutiny." Id. at 281 (Sotomayor, J., concurring); see also Garneau, 147 F.3d at 812 ("A second reason why Nollan and Dolan provide no support for plaintiffs' takings claim is that they do not address when a taking occurs. The first step in the unconstitutional exactions cases is to determine whether government imposition of the exaction would be a taking."). Plaintiff has provided no basis for the Court to disregard the Ninth Circuit's long-standing, binding precedent.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 27th day of September, 2024.

                                          Ravi Subramanian
                                          Clerk

                                          s/Laurie Cuaresma
                                          Deputy Clerk

MINUTE ORDER - 2